UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ERIC MASSENBURG, | ) | |
|---|---|---|
| TONYA MASSENBURG, and | ) | |
| H.M., a minor child, by her parents | ) | |
| as next friends and guardians, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:09-CV-136 RM |
| | ) | |
| LAURIE RICHARDSON, individually | ) | |
| and in her capacity as an employee of | ) | |
| Child Protective Services, | ) | |
| JACQUE D. DERMODY, individually | ) | |
| and in her capacity as an Adult | ) | |
| Probation Officer, | ) | |
| LYN STEVENS, nurse employed by | ) | |
| St. Anthony Memorial Health Centers, | ) | |
| and JANE DOE, a teacher at | ) | |
| Eastport Early Learning Center, | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

Eric and Tonya Massenburg brought this action on behalf of themselves and H.M, a minor child, under 42 U.S.C. §§ 1981 and 1983 and Indiana common law, after H.M. was placed temporarily in protective custody following a report of suspected child abuse. After the court dismissed the original complaint for failure to state a claim, the Massenburgs filed an amended complaint reasserting their earlier claims of race based discrimination, negligence, intentional infliction of emotional distress, and violations of their constitutional and civil rights, and adding claims for slander, and false arrest, malicious abuse of process and

malicious prosecution. Defendant Jane Doe's motion for summary judgment on the amended complaint pends before the court. The Massenburgs were granted extra time within which to respond, but haven't done so. For the reasons that follow, the court grants Jane Doe's motion.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment isn't appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." Id. at 251-252. The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in its favor. Lawrence v. Kenosha Cty., 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003). Where, as here, the non-moving party doesn't respond, the court will "assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." Local Rule 56.1(b). *See also* Flynn v. Sandahl, 58 F.3d 283, 288 (7th Cir. 1995) (failure to respond "constitutes an admission…that there are

2

no disputed issues of genuine fact warranting a trial"); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003).

FACTS

Mr. Massenburg is African American, and Mrs. Massenburg, is Caucasian. The amended complaint states that H.M. is the Massenburgs' "bi-racial child." On March 7, 2007, H.M. was attending school at the Eastport Early Learning Center (part of the Michigan City Area School Corporation), when a teacher, identified only as Jane Doe, observed H.M. masturbating.[1] Ms. Doe reported the incident to the Eastport principal who, in turn, contacted Child Protective Services and told them what Ms. Doe had reported, and that Eric Massenburg, H.M.'s father, was listed on the sex offender registry.[2]

On March 8, 2007, Laurie Richardson of Child Protective Services went to the school and interviewed H.M. Ms. Richardson contacted Tonya Massenburg by telephone and told her she needed to take H.M. to her personal physician or the emergency room. Tonya Massenburg took H.M. to the emergency room at St. Anthony Memorial Health Center, where Lyn Stevens, a nurse practitioner

---

[1] Although required by Fed. R. Civ. P. 10(a), the Massenburgs have yet to identify who Jane Doe is. The Michigan City Area School Corporation, which filed the summary judgment motion on Jane Doe's behalf, believes it knows her identity, but can't be certain; and the Massenburgs don't appear to have undertaken any discovery directed at identifying Ms. Doe.

[2] Mr. Massenburg alleges that he was on the list in error, but he hasn't presented any evidence to substantiate his claim and doesn't dispute that he was listed on the sex offender registry when the incident occurred.

3

employed by Emergency Physicians Medical Group, examined H.M. Ms. Stevens found a vaginal tear and told Ms. Richardson of her findings. Ms. Richardson soon arrived at the ER with four police officers, and took H.M. into protective custody.

At a CHINS hearing on March 12, 2007, Ms. Richardson testified that Ms. Stevens told her the vaginal tear wasn't caused by a rash, yeast infection, or scratching, and was probably from digital penetration. Ms. Richardson also testified that the Department had substantiated two earlier claims of sexual misconduct with a minor involving Eric Massenburg — one from May 22, 2000 involving his eight year old niece and one from October 5, 2004 involving a fourteen-year old child — as well as a 2002 claim of child endangerment and lack of supervision involving H.M.'s biological mother, Tanya Eagle. Mr. Massenburg was placed on the sex offender list following the 2004 incident, but stated at the hearing that he had plead to a lesser offense and was placed on the list in error. Based on Ms. Richardson's testimony, the court found probable cause to detain H.M., directed that she remain in foster care, and authorized the filing of a CHINS petition.

On March 29, 2007, H.M. was returned home, and the CHINS case was dismissed at the request of the Department of Child Services on April 9, 2007.

Ms. Richardson and Ms. Stevens both attest that they didn't speak to Jane Doe about the investigation, Ms. Stevens' findings, or the allegations contained in the amended complaint.

DISCUSSION

The Massenburgs reassert their claims of race based discrimination, gross negligence, and intentional infliction of emotional distress in their amended complaint, and add new claims for slander, and false arrest, malicious abuse of process and malicious prosecution. They specifically allege that Jane Doe: "treated Tonya Massenburg differently than similarly situated whites because she was married to a[n] African-American" (Count I-Equal Protection Claim); made defamatory statements about the Massenburgs to investigators, hospital personnel, and to Eastport Early Learning Center staff (Count II-Slander Claim); falsely accused them of "child endangerment through child molestation," and "directed, urged and commanded certain law enforcement officers and DCF to take the minor child and place her in the custody of the State of Indiana" (Count III-False Arrest and Imprisonment, Malicious Abuse of Process and Malicious Prosecution Claim); failed to follow normal procedures to validate suspected child abuse and "maliciously fabricated facts" to make it appear H.M. had been molested (Count IV-Gross Negligence Claim); made unsubstantiated false allegations that intruded on the Massenburgs' "right to bathe their child in bubble bath" and violated rights "guaranteed by the Fourth, Eighth and Fourteenth Amendments" (Count V-Violation of Constitutional and Statutory Civil Rights); and intentionally treated the Massenburgs differently than similarly situated white married couples, causing them to suffer emotional distress (Count VI-Intentional Infliction of Emotional Distress).

5

The issue now before the court is whether the Massenburgs have sufficient evidence to support their claims and proceed to trial. Jane Doe contends that they don't, that she is immune from suit under federal and state law, and that she is entitled to judgment as a matter of law. The court agrees.

Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 901 (7th Cir. 2003). Conclusory allegations in an amended complaint don't create the genuine issues of material fact required to defeat summary judgment, Jackson v. E.J. Brach Corp., 176 F.3d 971, 984 (7th Cir. 1999); Mills v. First Fed. Sav. & Loan Ass'n of Belvidere, 83 F.3d 833, 843 (7th Cir. 1996); Powers v. Dole, 782 F.2d 689, 695 (7th Cir. 1986), and the Massenburgs have presented nothing more.

The undisputed facts show that Jane Doe's only involvement in this case ended when she reported suspected child abuse to the principal at Eastport Early Learning Center. There is nothing in this record to suggest that racial animus, reckless disregard for the truth, or any other improper motive motivated Ms. Doe, or that she misrepresented what she saw. Nor is there any evidence tending to show that Ms. Doe treated similarly situated white parents differently. Absent an intent to discriminate and a causal link between the action complained of and the deprivation of a recognized constitutional right, the Massenburgs can't prevail on their federal claims under 42 U.S.C. §§ 1981 and 1983. *See* McPhaul v. Board of Commissioners of Madison County, 226 F.3d 558, 564 (7th Cir. 2000); Greer v.

6

Amesqua, 212 F.3d 358, 370 (7th Cir. 2000); Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996); Archie v. City of Racine, 847 F.2d 1211, 1219 (7th Cir. 1988) (en banc).

Jurisdiction originally was premised on the existence of a federal question, but the court believes the outcome of the plaintiffs' state law claims is clear, and so exercises its supplemental jurisdiction to resolve those claims now, rather than send the case back to the state courts. *See* Van Harken v. Chicago, 103 F.3d 13456, 1354 (7th Cir. 1997).

Indiana law required Jane Doe to report suspected child abuse or neglect to the "individual in charge of the institution." IND. CODE §§ 31-33-5-1 and 31-33-5-2. She was subject to criminal penalties if she failed to do so, IND. CODE § 31-33-22-1, and is immune from civil and criminal liability under state law unless her report was made as a result of malice or bad faith. IND. CODE §§ 31-33-6-1 and 31-33-6-2. Indiana law presumes that a person making the report acted in good faith, IND. CODE § 31-33-6-3; *see also*, Kinder v. Doe, 540 N.E.2d 111, 115 (Ind. App. 1989), and the Massenburgs haven't pointed to any evidence to rebut the presumption that Jane Doe did so in this case. Jane Doe is therefore immune from civil liability for reporting the March 2007 incident to the school principal under IND. CODE § 31-33-6-1*; see also* Anonymous Hospital v. A.K., 920 N.E.2d 704 (Ind. App. 2010) (construing Ind. Code §§ 31-33-6-1 and 31-33-6-2), and under Indiana's Tort Claims Act, IND. CODE § 34-13-3-5(b).

The Massenburgs claims of slander, false arrest, malicious abuse of process, or malicious prosecution are similarly flawed. No evidence in this record supports those claims, and the conclusory assertions that Jane Doe's actions were intentional and malicious or motivated by "invidious race based animus" and that she engaged in any improper or illegal conduct don't create genuine issues of fact precluding summary judgment. *See* Jackson v. E.J. Brach Corp., 176 F.3d 971, 984 (7th Cir. 1999); Mills v. First Fed. Sav. & Loan Ass'n of Belvidere, 83 F.3d 833, 843 (7th Cir. 1996).

CONCLUSION

For the reasons stated, the court GRANTS defendant Jane Doe's motion for summary judgment [Doc. No. 82].

SO ORDERED.

ENTERED:   October 12, 2010

     /s/ Robert L. Miller, Jr.
Judge
United States District Court