UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC MASSENBURG,　)<br>TONYA MASSENBURG, and　)<br>H.M., a minor child, by her parents　)<br>and next friends and guardians,　)<br>　)<br>　　　　Plaintiffs　)<br>　)<br>　v.　)<br>　)<br>LAURIE RICHARDSON, an employee　)<br>of Child Protective Services,　)<br>JACQUE D. DERMODY, Adult　)<br>Probation Officer,　)<br>LYN STEVENS, nurse at St. Anthony　)<br>Memorial Health Centers, and　)<br>JANE DOE, teacher at Eastport　)<br>Early Learning Center,　)<br>　)<br>　　　　Defendants　) | Cause No.: 3:09-CV-136 RM |

## OPINION AND ORDER

This matter is before the court on defendant Nurse Lyn Stevens' motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988(b). Earlier in these proceedings, the court granted the defendants' motion to dismiss without prejudice. The plaintiffs filed an amended complaint, which included a new claim of defamation but otherwise was substantially the same as the original complaint. The court has granted the four defendants' motions for summary judgment on the amended complaint. Like the original complaint, the amended complaint was mostly a list of claims upon which relief could not be granted. *See* FED. R. CIV. P. 12(b)(6). Moreover, the plaintiffs didn't respond to three of the four summary

judgment motions and presented no evidence to support the small portion of the amended complaint that stated claims upon which relief could be granted. *See* Opinion and Order, January 25, 2011 [Doc. No. 135]; Opinion and Order, October 12, 2010 [Doc. No. 100].

This suit was filed under 42 U.S.C. §§ 1981 and 1983, and Indiana common law. The court assumes familiarity with the facts and reasoning set forth in its October 12, 2010 and January 25, 2011 opinions. Congress has given courts discretion to award reasonable attorney's fees to prevailing parties (other than the United States) in proceedings brought under §§ 1981 and 1983. *See* 42 U.S.C. § 1988(b). In practice, prevailing plaintiffs are awarded attorney's fees as a matter of course, but courts award attorney's fees to prevailing defendants only if the plaintiffs' claims were "frivolous, unreasonable, or groundless." Khan v. Galitano, 180 F.3d 829, 837 (7th Cir. 1999).

The plaintiffs' response to the motion[1] notes that this court's summary judgment opinion acknowledged that their child might have been taken from them mistakenly, even if not unlawfully. The plaintiffs assert that this shows the suit wasn't utterly frivolous. The court agrees that the suit wasn't utterly frivolous at the beginning. As the court noted at the motion to dismiss hearing on March 1, 2010, the plaintiffs' complaint might have stated a claim against the Child Protective Services worker, but counsel couldn't explain to the court why it was

---

[1] The plaintiffs' response was late and the plaintiffs filed a motion for extension of time along with their response. The court grants the motion of extension of time because, though the reasons presented for the delay might be doubtful, the delay caused no prejudice to Nurse Stevens.

a claim upon which relief could be granted. Leaving the door open to the plaintiffs, the court dismissed the case without prejudice. The plaintiffs filed a nearly identical amended complaint, but then didn't respond to three of the four defendants' motions for summary judgment and didn't present any evidence at all to support their claims. The procedure of this suit has demonstrated that it was groundless and a cause of wasted time and expense for the defendants. Though the case wasn't frivolous at the beginning, it became frivolous upon filing of the amended complaint and what followed thereafter. Accordingly, the court exercises its discretion to award reasonable attorney's fees to Nurse Stevens because the suit against her was groundless and became frivolous upon filing of the amended complaint.

The lodestar method—multiplying the number of hours reasonably expended by the attorney's reasonable hourly rate—is the most useful and typical starting point for determining an award of attorney's fees under § 1988. *See* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Parties seeking attorney's fees should submit evidence supporting the hours worked and the rates claimed, *see* id., and Nurse Stevens has done so here. Nothing before the court presents any reason to depart from the usual lodestar method.

Upon reviewing the affidavits submitted by Nurse Stevens' counsel, the court finds that Nurse Stevens' counsel spent a reasonable amount of time on this matter (73.3 hours since the filing of the amended complaint a year ago), and has charged a reasonable hourly rate, at $165.00 an hour. Accordingly, the court

GRANTS plaintiffs' motion for an extension of time to file a response [Doc. No. 140], GRANTS Nurse Stevens' motion for attorney's fees [Doc. No. 137], and AWARDS $12,094.50 in attorney's fees to Nurse Stevens.

SO ORDERED.

ENTERED: March 15, 2011

/s/ Robert L. Miller, Jr.<br>Judge<br>United States District Court