UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC MASSENBURG, )<br>TONYA MASSENBURG, and )<br>H.M., a minor child, by her parents )<br>and next friends and guardians, )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>LAURIE RICHARDSON, an employee )<br>of Child Protective Services, )<br>JACQUE D. DERMODY, Adult )<br>Probation Officer, )<br>LYN STEVENS, nurse at St. Anthony )<br>Memorial Health Centers, and )<br>JANE DOE, teacher at Eastport )<br>Early Learning Center, )<br>)<br>Defendants ) | Cause No.: 3:09-CV-136 RM |

## OPINION AND ORDER

Plaintiffs' counsel Doug Bernacchi filed a motion for clarification of this court's March 15 order granting $12,094.50 in attorney's fees to defendant Nurse Lyn Stevens. Mr. Bernacchi states that opposing counsel wrongly interprets the March 15 order to require Mr. Bernacchi, as counsel, to personally pay the attorney's fees. Mr. Bernacchi asks the court to clarify whether the fee order is for Mr. Bernacchi or for his clients to pay the attorney's fees.

The court denies the motion as unnecessary. Counsel for Nurse Stevens filed his motion for attorney's fees under 42 U.S.C. § 1988 and the briefing on the motion discussed the standards of § 1988, so the court understood the motion to

be for an award of attorney's fees to be paid by the losing party. *See, e.g.,* Sutton v. Bernard, 504 F.3d 688, 693 (7th Cir. 2007) (noting that prevailing party, usually a plaintiff, recovers attorneys' fees from losing party, usually the defendant). When a court orders counsel, and not the party-clients, to pay fees, that court does so as a sanction against counsel, and sanctions involve a different, heightened set of standards and considerations that don't automatically apply in a § 1988 fee request. *See* Brandt v. Schal Assoc., Inc., 960 F.2d 640, 645-646 (7th Cir. 1992). Ms. Stevens' motion for attorney's fees didn't brief standards for sanctions, nor did it discuss the fee award in terms of sanctions. Awards of attorney's fees under § 1988 are assumed to be awards to be paid by the losing party.

The court DENIES the motion for clarification [Doc. No. 145] as unnecessary.

SO ORDERED.

ENTERED: April 5, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court